OPINION
{¶ 1} Defendant James Perrenoud appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for three counts of sexual imposition in violation of R.C. 2907.06. Appellant assigns a single error to the trial court:
 {¶ 2} "The appellant's conviction was against the manifest weight of the evidence."
 {¶ 3} Appellant was originally charged with one count of rape, two counts of gross sexual imposition, and two counts of sexual imposition. The jury found appellant guilty of the charged offense of sexual imposition and guilty on two lesser offenses of sexual imposition on the two charged counts of gross sexual imposition. The jury found appellant not guilty of one of the charges of sexual imposition, and was hung on the count of rape. Appellant was later acquitted in a second trial on the count of rape.
 {¶ 4} At trial, the State presented evidence appellant worked as a nurse's aide at the Altercare facility in Hartville, Ohio. Generally two nurse's aides work on each wing of the nursing home supervised by the nursing staff. The complaining witnesses were three nurse's aides who worked with appellant at Altercare, and a dietary aide who worked at Altercare. Each woman testified appellant had inappropriate sexual contact with them against their will. Originally only one of the women reported any incidents to Altercare's staff.
 {¶ 5} Appellant testified in his own defense and indicated the work environment at Altercare was playful in nature and it was usual for several people, not just himself, to "horse around". Appellant testified he remained friends with the staff even after the alleged incidents, and if a co-worker let him know she was uncomfortable with his behavior, then he would never bother her again.
 {¶ 6} Appellant points out that he was acquitted of the charges where his co-workers reported him to the police or to work authorities, and was only convicted when the women had not bothered to report his actions to anyone. Each of the three women involved in the incidents of which appellant was convicted agreed they had been able to handle the situation themselves. Appellant concludes the evidence demonstrates appellant was very affectionate towards many women, and when the women welcomed this affection, he would follow through. Where the attentions were unwelcome, appellant argues he apologized and stopped.
 {¶ 7} Appellant apparently concedes the verdict is supported by legally sufficient evidence, but urges it was contrary to the manifest weight of the evidence. Appellant suggests the evidence in the case falls short of proof beyond a reasonable doubt.
 {¶ 8} The State responds just because the jury did not totally believe the victims in the case, this does not mean the jury lost its way in finding him guilty.
 {¶ 9} In State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, the Ohio Supreme Court explained a reviewing court's rule in testing whether a judgment is against the manifest weight of the evidence. The court must review the entire record, weigh the evidence and all the reasonable inferences from the evidence, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. A new trial should be granted only where the evidence weighs heavily in favor of the accused, Statev. Martin (1983), 20 Ohio App.3d 172, 45 N.E.2d 717.
 {¶ 10} R.C. 2907.06 prohibits a person from having sexual contact with another, not the spouse of the offender when the offender knows the sexual contact is offensive to the other person, or is reckless in that regard. This is the offense of sexual imposition, of which appellant was convicted.
 {¶ 11} We have reviewed the record, and we find the jury's verdict is sustained by the manifest weight of the evidence.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Judgment affirmed.
Edwards and Boggins, JJ., concur.
 {¶ 14} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.